UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,  :
Individually and as next best friend of  :
Cleveland McKinney, Jr.  :
3714 Walters Lane  :
Forestville, MD 20747  :
                                        :
      Plaintiff,  :
                                        :
v.  :  Case No.: 1:06-CV-00491
  :  Judge: Rosemary M. Collyer
BANNUM, INC.,  :
8726 Old C.R. 54, Suite E  :
New Port Richey, FL 34653  :
                                        :
      Defendant.  :

## ANSWER TO COMPLAINT

Defendant Bannum, Inc., through counsel, Kevin M. Murphy, Esquire, Cedric D. Miller, Esquire and Carr Maloney P.C., for an Answer to the Complaint, hereby states as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim upon which relief may be granted.

### SECOND DEFENSE

Federal question jurisdiction does not exist as defendant is not a "state actor" or acting under "color of law" for purposes of 42 U.S.C. §1983 or Federal question jurisdiction statutes. Further, plaintiff has failed to allege a proper basis for subject matter jurisdiction of the state law claims in Counts I, II, IV and V.

### THIRD DEFENSE

Plaintiff has failed to properly allege or provide documentation that shows she has standing to assert claims on behalf of Cleveland McKinney, Jr. or his Estate.

## FOURTH DEFENSE

Bannum, Inc. has immunity from the claims as alleged under 42 U.S.C. §1983 and the 8th and 5th Amendments.

## FIFTH DEFENSE

Some or all of the allegations and claims in the Complaint are barred, in whole or in part, by the following affirmative defenses:

1. Statute of Limitations

2. Contributory Negligence

3. Assumption of Risk

4. Good Faith Immunity

5. Qualified Immunity

## SIXTH DEFENSE

The alleged damages, if any, were due to the acts or omissions of other persons or entities for whom this defendant is not legally responsible.

## SEVENTH DEFENSE

This defendant generally denies all allegations of liability.

## EIGHTH DEFENSE

Defendant hereby responds to the numbered allegations of the Complaint as follows:

1. This is an introductory paragraph which does not allege facts. As such, defendant does not need to either admit or deny. To the extent any response is required, defendant denies.

2. This is an introductory paragraph which does not allege facts. As such, defendant does not need to either admit or deny. To the extent any response is required, defendant denies.

3. Denied.

4. Defendant does not have sufficient information to form a basis on which to either admit or deny the allegations. To the extent a further response is required, the allegations are denied.

5. Defendant Bannum, Inc. admits that it is a Kentucky corporation. Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that on or about June 29, 2005, Cleveland McKinney, Jr. was a resident/inmate at the Bannum Place facility in Northeast Washington, D.C., but denies the remainder of the first sentence of paragraph 6. Defendant does not have sufficient information to form a belief as to the truth or lack thereof regarding the second sentence of paragraph 6, and therefore can neither admit nor deny at this time. To the extent a response is required at this time to the second sentence of paragraph 6, it is denied.

7. Defendant admits that it operates or has in the past operated some community correction centers in certain states, but denies the remainder of paragraph 7, and denies that Bannum, Inc. was the operator of a community correction center in the District of Columbia, since the contract was assigned to Bannum Place of Washington, Inc., which is a separately incorporated entity and was the operator of the facility.

8. Denied as phrased.

9. Bannum admits that it prepared a "bid proposal" for submission to the Bureau of Prisons on a competitive basis, and that the proposal included finding a suitable physical facility in the District of Columbia that would meet certain requirements of the Bureau of Prisons, but otherwise denies the allegations of paragraph 9 as phrased.

10. Admitted.

11. Denied as phrased.

12. Admitted.

13. Denied as phrased as the terms of the contract are specific and are not as paraphrased in the allegation.

14. Denied.

15. Denied as phrased.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant incorporates herein its responses to paragraphs 1 through 20.

22. Denied.

23. Defendant incorporates herein its responses to paragraphs 1 through 20.

24. Denied.

25. Denied.

26. Defendant incorporates herein its responses to paragraphs 1 through 20.

27. Denied.

28. Denied

29. Denied.

30. Defendant incorporates herein its responses to paragraphs 1 through 20.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant incorporates herein its responses to paragraphs 1 through 20.

36. Denied.

37. Denied.

WHEREFORE, defendant requests that judgment be entered in favor of defendant and against plaintiff, and that defendant be awarded costs and other relief as deemed appropriate by this court.

Respectfully submitted,

CARR MALONEY P.C.

By: _____
Kevin M. Murphy, D.C. Bar #388476
Cedric D. Miller, D.C. Bar #464651
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing ***Answer to Complaint*** was mailed, postage pre-paid, on this _11th_ day of August, 2006, to:

>Gregory L. Lattimer, Esquire
>1100 H Street, N.W.
>Suite 920
>Washington, D.C. 20005
>
>Donald M. Temple, Esquire
>1229 15th Street, N.W.
>Washington, D.C. 20005

_____
Kevin M. Murphy