## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Ester Best Mitchell,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No.: 1:06-CV-0491 (RMC)** |
| **v.** | : | |
| | : | |
| **Bannum, Inc.,** | : | |
| | : | |
| **Defendant.** | : | |

## LOCAL CIVIL RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d), the parties hereby submit their joint report, which outlines the parties' stances with respect to the thirteen (13) enumerated matters set forth in LCvR 16.3(c) and the Court's Standing Order for Initial Scheduling Conference, and their proposed scheduling order.  In conformity with LCvR 16.3(a), plaintiff's counsel and defendant's counsel met telephonically, and conferred on all relevant matters.  As a result of that meeting, the parties submit the following joint report:

## STATEMENT OF THE CASE

This is a civil action which arose from the shooting death at a halfway house in the District of Columbia.  The plaintiff alleges that while Cleveland McKinney, Jr.,was a resident of Bannum Place, a halfway house operated by Bannum, a gunman was allowed access to the facility, who then shot and killed plaintiff's  decedent.  As a result, the plaintiff filed the instant lawsuit which alleges a violation of the Eighth Amendment of the United States Constitution, negligent supervision, and negligent infliction of emotional distress on the part of the defendant. Without waiving any defenses available under the Federal Rules of Civil Procedure or otherwise,

defendant contends that as a private company, it was not a "state actor" for purposes of § 1983 liability. Defendant also contends that even if it is determined to have been a state actor, there is no evidentiary support for a claim that it was deliberately indifferent to the safety and health of Mr. McKinney, and therefore, plaintiff cannot prevail on her § 1983 claim. Regarding Plaintiff's negligent supervision and negligent infliction of emotional distress claim, defendant contends that its employees and/or agents at all times met the applicable standard of care with regard to Mr. McKinney, and that defendant and its employees and agents acted reasonably under the circumstances. Defendant also maintains that Plaintiff lacks standing with regard to her Survival Act claim

## LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1.      Plaintiff believes that it is unlikely that this matter will be disposed of by dispositive motion. Defendant believes that all, or at least a portion of, plaintiff's claims may be disposed of by dispositive motion. Plaintiff and defendant agree that discovery should proceed as normal.

2.      It is not anticipated that the plaintiff will amend their pleadings or join additional parties. Such action, if taken, however, shall be done within sixty days of the Court's scheduling order. Defendant does not anticipate amending its pleadings, but reserves the right to do so should plaintiff amend her pleadings. Defendant also reserves the right to amend its pleadings should other affirmative defenses become apparent through the course of discovery. Defendant reserves the right to name additional parties if discovery reveals that such additional parties are necessary to a just and final adjudication. The parties have not reached any agreement with respect to legal or factual issues.

3.     The plaintiff has no objection to assigning this matter to a Magistrate Judge for all purposes including trial, whereas the defendant prefers that this matter stay with a District Judge, until the time of trial but may reassess after discovery.

4.     The plaintiff presented a demand to the defendant as of September 11, 2006, defendant believes that some discovery will be needed before it can respond.

5.     The plaintiff does not believe that this case would significantly benefit from ADR at this time.  The defendant does not believe ADR will be beneficial at this time, but is open to reevaluating the benefits of ADR after discovery has been conducted.

6.     The defendant may file motion(s) for summary judgment or other dispositive motion(s) within thirty (30) days of the close of discovery.  Any opposition to such a motion will be due 21 days thereafter.  Any reply would be due 10 days thereafter and a decision would be rendered within 60 days thereafter.

7.  The plaintiff is of the opinion that the initial disclosure provision of Rule 26(a) should be followed.  The defendant disagrees and requests that the disclosure provisions be modified.

8.     The parties agree that written discovery shall commence within 30 days of this Court's Scheduling Order.  Plaintiff proposes that discovery should proceed for a period of one hundred and eighty (180) days, and that ten (10) depositions and twenty-five (25) interrogatory questions be allowed.  Defendant proposes that discovery should proceed for a period of two hundred and seventy (270) days, and that fifteen (15) depositions and twenty-five (25) interrogatory questions be allowed.

9.     The plaintiff submits that there should be a modification of Rule 26(a)(2), to allow for plaintiff's expert(s) to be named one hundred and twenty (120) days after entry of a scheduling order in this case.  The defendant submits that there should be a modification of Rule

26(a)(2), to allow for plaintiff's expert(s) to be named (220) days after entry of a Scheduling Order in this case. Defendant would then name their expert(s) sixty (60) days thereafter and all expert depositions would be concluded by the close of discovery. Within thirty (30) days following the close of discovery, all dispositive motions shall be filed. With respect to any such motions, the parties request a hearing.

10.    Not Applicable.

11.    The parties do not believe that discovery in this case should be bifurcated or managed in phases.

12.    The parties propose that a pretrial conference not be set at this time in anticipation that this matter may be tried before a Magistrate Judge.

13.    The parties propose that a trial date not be scheduled for this matter at this time in anticipation that this matter may be tried before a Magistrate Judge.

Respectfully submitted,

Gregory L. Lattimer [371926]             Kevin M. Murphy [388476]
1100 H Street, N.W.                       1615 L Street, N.W.
Suite 920                                 Suite 500
Washington, D.C. 20005                    Washington, D.C.  20036
(202) 638-0095                            (202) 310-5500

                                          *Counsel for Defendant*

Donald M. Temple [408749]
1229 15th Street, N.W.
Washington, D.C.  20005
(202) 628-1101

*Counsel for the Plaintiffs*

Dated this 13th day of September, 2006.