UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,
Individually and as next best friend of
Cleveland McKinney, Jr.

       Plaintiff,

v.

BANNUM, INC.,

       Defendant.

Case No.: 1:06-CV-00491
Judge: Rosemary M. Collyer

## STIPULATED PROTECTIVE ORDER

Whereas the proceedings in this action involve the disclosure of certain confidential and proprietary information;

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, by and between the parties:

To comply with Defendant's Federal Rule of Civil Procedure Rule 26(a)(1) obligations, Defendant seeks to supplement its original disclosures by producing documents related to its responses, clarifications, and modifications of offer regarding certain Federal Bureau of Prisons' requests for proposals (RFP numbers 200-0593-MA and 200-0604-MA) pertaining to solicitations for operation of a Community Corrections Center in Washington, D.C. (Hereinafter, "RFP DISCOVERY") Notwithstanding, Defendant is permitted to redact any financial terms and figures, the names of Bannum, Inc.'s ("Bannum") owners and directors, sensitive protected proposal information, processes and trade secrets, and any information relating to Bannum's history of past contracts with BOP, in the RFP Discovery before making such disclosures. Defendant will bates

label such documents with the prefix "RFP-D-...," and Defendant will then supply this information, and Plaintiff will handle such labeled information, in compliance with this Court's Order.

Pursuant to the parties' agreement, it is hereby

ORDERED, that all RFP Discovery produced by Defendant Bannum, Inc. to Plaintiff may not be shown, disclosed, divulged, revealed, transmitted, described or otherwise communicated by the attorneys' for the non-furnishing parties to any person other than the following:

    a.    Members or full-time employees of the attorneys representing such non-furnishing party;

    b.    Experts, consultants, and any other third-party expressly retained by counsel for the non-producing party to assist in the preparation of this litigation for trial who are identified in advance in writing by counsel for the non-producing party, with disclosure only to the extent necessary to assist in such preparation. In the event that the furnishing party objects to the disclosure of the RFP Discovery to any such person(s), the RFP Discovery may not be shown to such persons until the parties resolve their dispute or the matter is finally decided by the Court. Nothing herein shall constitute a waiver of any party of its right to challenge the competency of any expert, the relevancy of his or her testimony or any other objection at trial;

    c.    To the extent that the Plaintiff herself needs to be apprised of this information, the information will be shared with her in a distilled form by her attorney only to the extent necessary for making a knowing and voluntary assessment of her claims; under no circumstance is the Plaintiff to be given copies of any RFP Discovery;

    d.    The RFP Discovery may be shown to the persons described in paragraphs b and c above, only after the attorney for the non-furnishing party has obtained a prior written agreement of

Stipulated Protective Order

each such person to be bound by the terms of this stipulated protective order and shall provide a copy of such written agreement to the furnishing party on or before the date that the non-furnishing party provides the RFP discovery to such persons. Such requirement shall be satisfied by obtaining the signature of such a person at the foot of a copy of this order, after counsel has had such person read the order and has explained the contents to him or her;

    e.    The furnishing party shall retain the original RFP Discovery to be produced to the Court at any time so requested; and,

    f.    After the termination of this litigation, including all appeals, all RFP Discovery and all copies shall be delivered or returned to the furnishing party.

SO ORDERED:

/s/ Rosemary M. Collyer
Judge Rosemary M. Collyer
20 Feb. 2007

Stipulated and Agreed:

Cedric D. Miller /by km
Cedric D. Miller, Esquire
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036

_Gregory L. Lattimer / by kuan_ w/consent
Gregory L. Lattimer, Esquire
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Stipulated Protective Order* was mailed, postage pre-paid, on this _16th_ day of February, 2007, to:

>Gregory L. Lattimer, Esquire
>1100 H Street, N.W.
>Suite 920
>Washington, D.C. 20005
>
>Donald M. Temple, Esquire
>1229 15th Street, N.W.
>Washington, D.C. 20005

_Cedric D. Miller / kuan_
Cedric D. Miller

Stipulated Protective Order