## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTER JANE MITCHELL

        Plaintiff,

    v.

BANNUM, INC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:06–CV–00491
(RMC)

### PLAINTIFF ESTER JANE MITCHELL'S ANSWERS TO DEFENDANT BANNUM, INC.'S FIRST SET OF INTERROGATORIES

Comes now, the plaintiff Ester Jane Mitchell, by and through counsel, and hereby answers the defendant Bannum, Inc. Interrogatories as follows:

### INTERROGATORY NO. 1:

State your fill name, address, date of birth, social security number, marital status and number of dependents; if married, give the name and present address of your spouse. If you have ever used any other names, please list them.

#### Answer

    Ester Jane Mitchell
    3714 Walters Lane
    Forestville, MD 20747
    February 3, 1948
    SS#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
    5 dependents (children)

Spouse:  John S. Mitchell
              3714 Walters Lane
              Forestville, MD 20747

### INTERROGATORY NO. 2:

State the Decedent's full name, date of birth, social security number and all known addresses for the ten (10) years prior to the incident. If the Decedent has ever used

any other names, please list them.

**Answer**

      Cleveland McKinney, Jr.
      DOB:  May 23, 1972
      SS# 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
      In prison last 10 years prior to incident

## INTERROGATORY NO. 3:

For the Decedent, state the name, address and phone number of all employers of the Decedent at any time before the incident, and state Decedent's job responsibilities or role, whether full or part time, the amount of Decedent's pay, the time frame (dates) of each such employment, and the name of Decedent's supervisor in each such employment.

**Answer**

N/A  Incarcerated – work part time jobs while in prison in different states.

## INTERROGATORY NO. 4:

If you have been employed at any time in the last ten (10) years, state the following:

(a)     the name and address of your employer;
(b)     the nature of your duties including the physical activities involved;
(c)     the amount of your total wage per week;
(d)     how long you have worked for that employer;
(e)     what types of training did you have prior to this occurrence;
(f)     the total wages lost as a result of this incident.

**Answer**

N/A  I have been on temporary medical retirement disability since May 1995.

**INTERROGATORY NO. 5:**

Set forth the total amount that you claim as damages against Bannum and, as to each such claim, identify the amount claimed, the factual basis therefore all individuals having knowledge of each claim for damages and/or factual basis therefore and identify each document relating to your response to this Interrogatory.

**Answer**

The damages claimed are set forth in plaintiff's complaint. There has not been a determination regarding the documents that will be used to support those claims. As to the individuals with knowledge regarding those claims, the plaintiff's initial disclosures specifically identify the individuals requested.

**INTERROGATORY NO. 6:**

If the Decedent had been involved in any incident in which he received injuries prior to the incident which forms the basis of this lawsuit, please state the following:

(a)    the date and place of the incident or incidents;
(b)    the injuries received;
(c)    the names and addresses of any hospitals, doctors or medical practitioners involved in the treatment of said injuries;
(d)    the names and addresses of the other parties involved;
(e)    the name of any company, entity or individual against whom any claim was made; and
(f)    if suit was filed, the name of the court, including workers' compensation claims, the year in which the action was brought, and the identifying number of said suit.

**Answer**

N/A

**INTERROGATORY NO. 7:**

State the names and addresses of all experts whom you intend to call as witnesses at the trial of this matter. This is to include any and all of Plaintiffs' and Decedent's health

3

care providers whom you intend to call as witnesses at trial to elicit opinion testimony from. State the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. If they have prepared a report of their findings, please attach a copy to your Answer to these Interrogatories. If any such report was oral, please state the subject matter on which each such expert is expected to testify, and a summary of the grounds for each such opinion.

**Answer**

No determination regarding experts has been made, however, consistent with the Court's scheduling order, plaintiff will identify any experts that she intends to call. As to your reference to health care providers, such individuals are not experts under District of Columbia law and will not be treated nor referred to as such.

**INTERROGATORY NO. 8:**

Regarding your previous Answer, please provide the following information for each expert witness: date of birth, areas of expertise, educational background, publications, honors and certifications, specialty or specialties, whether or not said expert has ever been a witness in any lawsuit and, if so, for each such lawsuit provide the names, nature of the suit, names and addresses of the courts in which such suits were instituted and/or heard, the identifying numbers of the lawsuit, the date the suit was filed, and the names and addresses of the party for whom said expert gave evidence.

**Answer**

N/A

**INTERROGATORY NO. 9:**

State the names, addresses and phone numbers of any person not mentioned in your answers to Interrogatories who has personal knowledge of facts material to this case, and the substance of each person's knowledge, including but not limited to, all eyewitnesses to the incident.

**Answer**

See response to Interrogatory No.5.

**INTERROGATORY NO. 10:**

Please give the substance of any and all conversations, communications, or statements made by the Defendant relative to the alleged occurrence, and identify each person who has given you a written or recorded statement concerning the circumstances in this case, including the name, address and phone number of any such person.

**Answer**

None

**INTERROGATORY NO. 11:**

Describe the nature of any criminal charges ever filed against the Decedent, whether or not they resulted in conviction or incarceration, and state the jurisdiction(s) and date(s) of such charges and the outcome.

**Answer**

Armed Robbery – September 1989
District of Columbia

**INTERROGATORY NO. 12:**

Describe the educational background of Decedent and Plaintiff, including all schools attended, the dates of such attendance, and the diplomas and/or degrees received.

**Answer**

| Education: | Cleveland McKinney |
| | Turner Elementary School |
| | Evans Jr. High School |
| | HD Woodson Sr. High School |

| | Ester Jane Mitchell | |
| | Graduated High School | 1966 |
| | Brookwein Business Institute | 1976 |
| | Lumberton Technical Institute | 1967-68 |

## INTERROGATORY NO. 13:

Identify by name, address, phone number, and date of birth any spouse, children, or parent of Decedent.

**Answer**

| Mother: | Ester Jane Mitchell |
| | DOB February 3, 1948 |
| | 3714 Walters Lane |
| | Forestville, MD  20747 |
| | (H) 301-967-9717, (cell) 301-742-7781 |
| Spouse: | N/A |
| Children: | N/A |
| Father: | Deceased |

## INTERROGATORY NO. 14:

Explain in detail, including time, date, precise location, and events, your understanding of how the incident occurred, and identify each person with knowledge of the facts contained in your answer and each document or other source of information which forms, in part or in whole, the basis for your understanding.

**Answer**

See attachment
Newspaper – Metro – Friday 1, 2005

## INTERROGATORY NO. 15:

Describe in specific detail all facts that support your contention that Defendant was negligent in supervising its staff or employees, including which staff or employees, which policies or procedures, and how Defendant's acts constituted negligence.

## Answer

On May 23rd, 2005 when the family visited Cleveland on his birthday, I noticed the man in the booth did not check our bags. They did not search the family. They let us enter and leave at random, did not check identification. Some were and were not checked. They did not have guards, only one person. In addition, the facility was operating without an occupancy permit and should not have been open.

## INTERROGATORY NO. 16:

Describe in detail Plaintiffs location at the time of the incident in which Decedent was shot and at the time Decedent was transported to the hospital and until he was declared deceased, and explain how you were first notified of Decedent's death, by whom, the date and time, and where you were located at that time.

## Answer

I was home at the time my son was shot and when he was taken to the hospital, and when he was declared deceased.

My son, Cleveland McKinney, Jr. was shot at Bannum Halfway House on June 29, 2005 at the 2200 block of Adams Place, N.E., Washington, D.C.

I was notified on June 30th, 2005, by my nephew Earl Coleman. The call came to me around 5:00 p.m. the next day.

The Bannum Place has yet to call me regarding my son's death. I was not notified of my son's death. I did not have any knowledge of the shooting at the Bannum Halfway House. I did not know that the ambulance took him to the Washington Hospital Center. I found out later on July 1st, 2005 that he died at Washington Hospital Center and was taken to the DC morgue. Later that day on July 1st, 2005, Sgt. D. Best went to the DC morgue to identify his brother, Cleveland McKinney, Jr.

**INTERROGATORY NO. 17:**

If you contend that Bannum failed to comply with any law, statute, order, or regulation from any governmental source, or has failed to meet any industry or government guideline or standard, explain in detail the factual basis for each such contention and provide a full citation for each such law, statute, order, regulation, guideline, or standard, and including its promulgation and effective date.

**Answer**

Plaintiff's claims and the basis therefore, are fully set forth in her complaint. However, to summarize, Bannum allowed an armed gunman to gain access to the subject facility in which the plaintiff's decedent was murdered. There was no security in place, nor was the facility adequately secured. Bannum failed to abide by national standards in this regard. Bannum did not have an occupancy permit nor did it abide by the terms of its agreement with the Bureau of Prisons with regard to securing the facility.

**INTERROGATORY NO. 18:**

Identify any action(s) that you contend Bannum should have taken to avoid or prevent the incident and describe how such action(s) would have avoided or prevented the incident.

**Answer**

Bannum should have had an occupancy permit.  Bannum should have had adequate security in place and Bannum should have taken fundamental steps to secure the facility.

**INTERROGATORY NO. 19:**

If you contend that the Decedent suffered conscious pain and suffering, state each and every fact in support of your contention and attach any document relating thereto.

**Answer**

The decedent was shot to death.

**INTERROGATORY NO. 20:**

Identify the Decedent's annual living expenses and the living expenses of the Decedent's dependants in the ten (10) years prior to his incarceration that led to his residency at Bannum Place in June 2005.

**Answer**

The family sent $200 monthly for personal hygiene items, tennis shoes and canteen money.

**INTERROGATORY NO. 21:**

Identify all financial assets, bank accounts, asset accounts, credit accounts opened or held in the name of the Plaintiff or Decedent in the last ten (10) years, and all debt and/or taxes owed by Decedent.

**Answer**

N/A

**INTERROGATORY NO. 22:**

If you contend that Decedent had in the past, or was at the time of the incident, providing financial support to any person, identify any such person by name, address, phone number, and relationship to the Decedent, and identify the dates and amounts of any such financial support, and state what records exist to document any such support.

**Answer**

N/A

**INTERROGATORY NO. 23:**

Describe in specific detail all facts that support your contention, if any, that Defendant acted with malice or with deliberate indifference toward Decedent in such a way as to cause the injury and death of Decedent.

**Answer**

Bannum operated a facility that housed incarcerated individuals who were about to be re-entering the community. These individuals had no ability to provide for their own safety. Bannum knew that it had no security available to provide for the safety of these individuals and also knew that the facility it was operating was not secure. Even though Bannum knew of its responsibility to provide for the security of the men under its care and supervision, and knew that it was failing to do so in the subject facility, it took no steps to remedy the situation at all. Bannum's actions, which directly led to the death of plaintiff's decedent, were nothing if not deliberately indifferent to the safety and well-being of the individuals housed in that facility, and specifically with respect to plaintiff's decedent, whose death was a proximate result of that deliberate indifference.

## INTERROGATORY NO. 24:

Describe in detail all facts that support your contention, if any, that Defendant acted "under color of state law" or was a "state actor" in regard to the incident.

### Answer

Bannum housed convicted felons pursuant to a contract with the Bureau of Prisons. It was therefore acting in a quasi-governmental role. As such, it was and is a "state actor" and one who operates "under the color of state law."

## INTERROGATORY NO. 25:

Identify who shot Decedent, or if unknown, describe all efforts known to you regarding attempts to identify that person and the results of those efforts. If known, describe all interactions between Decedent and that person during or prior to the incident, and identify the source of your knowledge regarding such interactions.

### Answer

I have no knowledge of who murdered my son nor of any reason advanced for the murder.

I attest under penalty of law that the foregoing answers are true and correct to the best of my knowledge.

Ester Best Mitchell

11

Respectfully submitted,

Gregory L. Lattimer
Law offices of Gregory L. Lattimer
100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Donald M. Temple, Esquire
Temple Law Offices
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
Counsel for Plaintiff

By: _____
       Gregory L. Lattimer