IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTER BEST MITCHELL,** \* <br> **Individually and as the next best friend of** \* <br> **Cleveland McKinney, Jr.** \* <br> \* <br> Plaintiffs, \* <br> \* <br> \* <br> v. \* <br> \* <br> **BANNUM, INC.** \* <br> \* <br> \* <br> Defendant. \* <br> \* | Case No. 1:06-cv-0491(RMC) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN RESPONSE TO BANNUM'S NOTICE OF PLAINTIFFS' FAILURE
TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Comes now the plaintiff, by and through counsel, and hereby submits her response to Bannum, Inc's Notice of Plaintiff's Failure To File Opposition To Motion For Summary Judgment. In actuality, what Bannum has filed is a motion to treat its motion for summary judgment as conceded on the basis of the alleged failure of the plaintiff to file an opposition to its motion for summary judgment. No matter how the motion is labeled, however, it is still without basis.

Bannum did in fact file a motion for summary judgment on or about April 5, 2007. District Court LCvR 7(b) provides in relevant part:

> Within 11 days of the date of service **or at such other time as the Court may direct**, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.

In a scheduling order entered by the Court on September 18, 2006, docket no. 8, the Court ordered that discovery be completed by June 7, 2007, dispositive motions be filed no

later than July 9, 2007 and a response to any dispositive motion is due by July 30, 2007. Thus, it is clear that the Court established a date for oppositions to dispositive motions and that date is more than two (2) months away. Discovery is still open, the due date for plaintiff's opposition has yet to arrive and, as such, plaintiff has not failed to do anything. Plaintiff's opposition to the summary judgment motion will be filed on or before July 30, 2007, as directed by the Court in its scheduling order of September 18, 2006. Accordingly, it is irrefutable that Bannum's request that the Court treat its motion for summary judgment as conceded is completely and unequivocally without merit.

Wherefore, for the reasons stated herein and in the record of this proceeding, it is submitted that Bannum's motion must be summarily denied.

Respectfully submitted:

Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Donald M. Temple [408749]
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101