UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTER BEST MITCHELL,<br>Individually and as next best friend of<br>Cleveland McKinney, Jr.<br><br>      Plaintiff,<br><br>   v.<br><br>BANNUM, INC.,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  Case No.: 1:06-CV-00491<br>:  Judge: Rosemary M. Collyer<br>:<br>:<br>:<br>: |

**DEFENDANT BANNUM, INC.'S RULE 26(a)(2)
EXPERT WITNESS DISCLOSURE**

Defendant, Bannum, Inc., by counsel, CARR MALONEY P.C., and pursuant to Federal Rule of Civil Procedure 26(a)(2) and this Court's Scheduling Order hereby discloses the following expert who will or may testify on behalf of defendant:

> David A. Lowry
> Consultant
> 2701 Gulf Boulevard
> Belleair Beach, FL  33786

Mr. Lowry is a Residential Re-entry Program Consultant.  His *curriculum vitae* will be provided.  His expertise includes, without limitation, serving as executive director of numerous Community Corrections Centers ("CCC") from 1984 through 2006.  Mr. Lowry has qualified as an expert in administrative proceedings before the Board of Zoning Adjustment in Washington, D.C.  Additionally, many years ago, Mr. Lowry was qualified as an expert by the United States Department of Justice.  Moreover, Mr. Lowry was a Compliance Auditor for the American Correctional Associations Commission on Accreditation for Corrections in the early 1980's.

Defendant expects Mr. Lowry to state opinions, among other things, as to: (1) the standard industry practices of CCC operators with regard to accountability, safety and security measures, pursuant to United States Department of Justice Federal Bureau of Prisons Requests for Proposals, Modifications, Awards of contract and Statements of Work ("Contract Documents"); (2) the impact life safety codes and applicable building code requirements have on a CCC's practices regarding the safety and security of residents; (3) standard industry practices used by CCCs to provide training and supervision for employees; (4) standard industry practices of CCCs regarding the adequacy of staffing; (5) standard industry practices regarding measures for controlling contraband, the entry and exit of residents and visitors of CCCs, and inmate accountability; (6) the lack of any significant prior history of violent crime at Bannum place; and (7) a rebuttal and assessment of the methodology, analysis and conclusions of Plaintiffs' expert witness, if any is permitted, on the issues of standard industry practices of CCC's and the lack of any causal connection between any act of Bannum and the alleged shooting of Mr. McKinney. Mr. Lowry's opinions will be based on a review of pleadings, discovery materials and the Contract Documents.

Mr. Lowry's opinions are also based on his education, training, experience, and his review of all documents pertaining to this cause of action, as set forth above. Mr. Lowry's rate for his services is $225.00 per hour. See attached list for Mr. Lowry's testimony in the past twenty seven years.

Defendant reserves the right to supplement this expert designation, as necessary, if the Court allows Plaintiff leave to designate expert witnesses out of time. This Defendant reserves the right to rely on any expert witnesses identified by Plaintiff.

>Respectfully submitted,
>
>CARR MALONEY P.C.
>
>By:   /s/ Cedric D. Miller
>      Kevin M. Murphy, D.C. Bar #388476
>      Cedric D. Miller, D.C. Bar #464651
>      1615 L Street, N.W.
>      Suite 500
>      Washington, D.C. 20036
>      (202) 310-5500 (Telephone)
>      (202) 310-5555 (Facsimile)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing ***Defendant Bannum, Inc.'s Rule 26(a)(2) Expert Witness Disclosure*** was served and filed electronically, on this 30th day of May, 2007, to:

>Gregory L. Lattimer, Esquire
>1100 H Street, N.W.
>Suite 920
>Washington, D.C. 20005
>
>Donald M. Temple, Esquire
>1229 15th Street, N.W.
>Washington, D.C. 20005

/s/ Cedric D. Miller
Cedric D. Miller