## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTER BEST MITCHELL, Individually and as next best friend of Cleveland McKinney, Jr.<br><br>    Plaintiff,<br><br>    v.<br><br>BANNUM, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   Case No.: 1:06-CV-00491<br>:   Judge: Rosemary M. Collyer<br>:<br>:<br>:<br>: |

### DEFENDANT BANNUM, INC.'S OPPOSITION TO MOTION OF THE PLAINTIFF TO NAME HER EXPERT NUNC PRO TUNC

Defendant, Bannum, Inc. ("Bannum" or "Defendant"), by and through counsel, CARR MALONEY P.C., pursuant to Federal Rule of Civil Procedure 6, hereby files its Opposition to Motion of the Plaintiff to Name Her Expert Nunc Pro Tunc. As grounds therefor, Defendant refers this Court to the attached Memorandum of Points and Authorities. A summary of argument by Defendant follows:

1. Plaintiff's September 24, 2007 Motion to name an expert late (Plaintiff has not previously named any expert) comes (a) almost six months after the deadline for Plaintiff to designate experts; (b) five and a half months after Defendant filed its Motion for Summary Judgment, partially based on the lack of any expert; and (c) almost four months after Defendant filed its expert witness designation. The original discovery deadline of June 7, 2007 was extended at Plaintiff's request (by order on July 31, 2007) to September 7, 2007. Plaintiff waited until almost three weeks beyond the extended discovery end date to even file her Motion to late designate an expert. In all the prior time, Plaintiff never even mentioned a request to extend the expert deadline.

2.	Plaintiff's request now flies in the face of the Court's Scheduling Order, and frustrates the expeditious handling of this case to which all parties, including Defendants, have a right. Defendant has patiently awaited a ruling on the Motion for Summary Judgment since April, and Plaintiff now seeks to further delay, to the prejudice of Defendant which must continue to operate under the cloud of litigation.

3.	Plaintiff's Motion utterly fails to meet the "showing of good cause" required by this Court's September 18, 2006 Scheduling Order, and Local Rule 16.4.

4.	F. R. Civ. P. 16(f) gives the trial court discretion, reviewable only on an abuse of discretion standard, to sanction parties for failure to comply with Scheduling Orders, including exclusion of evidence. See Wright, Miller & Kane, §1531 and cases cited therein. However, the Court need not even consider this a "sanction" matter, since Plaintiff presents this essentially as a Motion to modify the Scheduling Order, yet fails to make the "showing of good cause," and thus, the Court may simply deny the Motion.

5.	If Plaintiff's request were granted, substantial further delay would result because (a) Defendant would need time to research any such expert (whose name has not been stated in the Motion), and depose that person; and (b) Defendant will likely need time to then prepare a counter designation by either its original expert witness, or a new expert witness, depending on the nature of Plaintiff's designation.

WHEREFORE, Defendant requests that the Motion be denied.

        Respectfully submitted,

        CARR MALONEY P.C.

By:

        /s/ Cedric D. Miller_____
        Kevin M. Murphy, D.C. Bar #388476
        Cedric D. Miller, D.C. Bar #464651
        1615 L Street, N.W.
        Suite 500
        Washington, D.C. 20036
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)
        kmm@carrmaloney.com
        cdm@carrmaloney.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant Bannum, Inc.'s Opposition to Motion of the Plaintiff to Name Her Expert Nunc Pro Tunc, was filed and served electronically, on this 4th day of October, 2007, to:

        Gregory L. Lattimer, Esquire
        1100 H Street, N.W.
        Suite 920
        Washington, D.C. 20005

        Donald M. Temple, Esquire
        1229 15th Street, N.W.
        Washington, D.C. 20005


        /s/ Cedric D. Miller
        Cedric D. Miller

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTER BEST MITCHELL,<br>Individually and as next best friend of<br>Cleveland McKinney, Jr.<br><br>Plaintiff,<br><br>v.<br><br>BANNUM, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: Case No.: 1:06-CV-00491<br>: Judge: Rosemary M. Collyer<br>:<br>:<br>:<br>: |

**DEFENDANT BANNUM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION OF THE PLAINTIFF TO NAME HER EXPERT NUNC PRO TUNC**

1. Plaintiff initiated the current lawsuit against Defendant Bannum, Inc. on or about March 16, 2006.

2. According to the Court's Scheduling Order dated September 18, 2006, "Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than March 30, 2007." *See* Scheduling Order dated September 18, 2006. Pursuant to this same Scheduling Order, Defendant's designation of experts and reports shall be made no later than May 30, 2007." *Id.*

3. In compliance with the Court's Scheduling Order, Defendant filed its expert report naming David Lowry as its expert on May 30, 2007. Mr. Lowry's report was included with Defendant's designation. Therefore, Defendant's expert designation and report were timely filed.

4. Plaintiff's representation to the Court that "the fact that the defendant intends to present purported expert testimony which he identified after the time for naming experts has passed, [and that] the plaintiff is now of the opinion that expert testimony is necessary to

properly present her case," *see* Pl'.s Motion at ¶ 1, is nothing more than a poorly disguised attempt to do through the back door what Plaintiff is foreclosed from doing through the front, namely, designating an expert witness well beyond the Court imposed deadline.

5. Furthermore, one of the central arguments for relief asserted in Bannum's April 4, 2007 dispositive motion was Plaintiff's failure to designate an expert to address issues of safety and security. *See* Defendant Bannum, Inc.'s Motion for Summary Judgment and/or Motion to Dismiss at 19-22. However, Plaintiff failed to take any steps to designate an expert for the next five and a half months, knowing all the while that Bannum sought Summary Judgment on that basis.

6. It has been nearly four months since Defendant filed its expert designation and report, five months since it filed its dispositive motion, and almost six months since the deadline passed for Plaintiff to file her expert designation and report. Yet, Plaintiff has failed in all respects to raise the issue of designating an expert before this late date. Furthermore, the issue of Bannum's ability to designate David Lowry as its expert was raised by the Court at the June 14, 2007 Status Conference, which occurred almost three months after Plaintiff's deadline to designate an expert, yet Plaintiff's counsel failed to raise the issue of needing additional time to designate an expert at said Status Conference.

7. Plaintiff also proffers that her reason for not being able to timely designate an expert was due to her inability to take the depositions of John Rich, Arnold Rich, and David Lowry, Bannum's past and/or present officers, directors and shareholders, and a number of fact witness depositions. However, what Plaintiff fails to acknowledge is that Plaintiff could have arranged to take the depositions of Messrs. Rich, Lowry and Rich before the close of discovery. Instead of acting timely, Plaintiff waited until late May, just a few days before the end of

2

discovery, to even begin discussion of potential depositions of Defendant's witnesses. Additionally, Plaintiff could easily have subpoenaed Bannum's former employees for fact depositions well before her first informal attempt to notice those depositions, which was approximately one week before the original close of discovery date. During the preceding eight months of discovery Plaintiff did not attempt to take the depositions of a single fact or expert witness. Therefore, her proffer that the late taking of the depositions and the late receipt of transcripts caused the delay in her realizing that an expert witness was necessary to prosecute her case is a completely hollow proposition.

8. Finally, during the July 31, 2007 telephone conference with the Court and the parties, Plaintiff's counsel raised (after the discovery deadline) the issue of extending discovery to afford Plaintiff an opportunity to take fact witness depositions. However, during this same telephone conference, Plaintiff again failed to make any request for leave of Court to name an expert witness *nunc pro tunc* or out of time. Plaintiff's failure in this regard is simply inexcusable and she should not be allowed to flaunt the Court's Scheduling Order in this manner.

9. Plaintiff has failed to <u>show good cause</u> as required[1], and therefore the Court should not grant her motion to designate an expert nunc pro tunc. Likewise, Plaintiff should also be denied the opportunity to designate an expert witness out of time. Plaintiff's failure to timely designate an expert appears to be the result of inexcusable neglect, as none of the reasons proffered by Plaintiff appear genuine. Plaintiff should not be allowed to designate an expert so late, particularly in light of the fact that Plaintiff had numerous opportunities to raise the issue of designating an expert witness prior to now but repeatedly failed to do so. Granting Plaintiff's motion would result in Defendant having to take discovery of Plaintiff's expert and also would

---

[1] See Scheduling Order of September 18, 2006, F. R. Civ. P. 16, and Local Rule 16.4. See also discussion and cases in Wright, Miller & Kane, §1351.

3

cause Defendant to have to name its own additional expert to controvert Plaintiff's expert testimony[2]. Presumably, Plaintiff would also want to take discovery of Defendant's expert, which would further delay discovery and the disposition of this case, to Defendant's continuing prejudice.

10. For the reasons set forth herein, Plaintiff's Motion to Name Her Expert Nunc Pro Tunc should be denied.

          Respectfully submitted,

          CARR MALONEY P.C.

By: /s/ Cedric D. Miller
Kevin M. Murphy, D.C. Bar #388476
Cedric D. Miller, D.C. Bar #464651
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
kmm@carrmaloney.com
cdm@carrmaloney.com

---

[2] While Defendant did make a "protective" designation of one of its former employees, David Lowry, as an expert, that was done when Plaintiff had no expert witness. If Plaintiff is permitted at this late date to name an independent expert, Defendant must be given the opportunity to do the same; otherwise, the usual process of designation and then counter designation would be thoroughly frustrated by Plaintiff's own inexcusable delay, to Defendant's great prejudice.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTER BEST MITCHELL, : | |
| Individually and as next best friend of : | |
| Cleveland McKinney, Jr. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:06-CV-00491 |
| : | Judge: Rosemary M. Collyer |
| BANNUM, INC., : | |
| : | |
| Defendant. : | |

## **ORDER**

UPON CONSIDERATION of Plaintiff's Motion for Leave to Name an Expert Nunc Pro Tunc, and any opposition thereto, it is this _____ day of _____, 2007,

ORDERED, that Plaintiff's Motion for Leave to Name an Expert Nunc Pro Tunc is DENIED.

_____
The Honorable Rosemary M. Collyer

Copies to:

Kevin M. Murphy, Esquire
Cedric D. Miller, Esquire
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036

Gregory L. Lattimer, Esquire
1100 H Street, N.W.
Suite 920
Washington, D.C.  20005

Donald M. Temple, Esquire
1229 15th Street, N.W.
Washington, D.C.  20005