## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,                          :
Individually and as next best friend of       :
Cleveland McKinney, Jr.                        :
                                               :
        Plaintiff,                             :
                                               :
    v.                                         :    Case No.: 1:06-CV-00491
                                               :    Judge: Rosemary M. Collyer
BANNUM, INC.,                                  :
                                               :
        Defendant.                             :

## DEFENDANT BANNUM, INC.'S OPPOSITION TO MOTION OF THE PLAINTIFF FOR LEAVE TO AMEND HER COMPLAINT

Defendant, Bannum, Inc. ("Bannum" or "Defendant"), by and through counsel, CARR MALONEY P.C., pursuant to Federal Rule of Civil Procedure 15 and LCvRs 16.4 and 7, hereby files its Opposition to Motion of the Plaintiff for Leave to Amend Her Complaint. As grounds therefor, Defendant refers this Court to the attached Memorandum of Points and Authorities. A summary of argument by Defendant follows:

1.      Plaintiff's September 24, 2007 Motion to Amend her Complaint comes far too late, (a) ten months after the November 20, 2006 deadline imposed by the Court to amend the pleadings; (b) two months after Plaintiff was originally required to file a response to Defendant's Motion for Summary Judgment and/or Motion to Dismiss; (c) almost 15 days before Plaintiff is currently due to oppose Defendant's Motion for Summary Judgment and/or Motion to Dismiss; and, (d) two months after Defendant was required to file its Reply to Plaintiff's opposition to Defendant's dispositive motion. The original discovery deadline of June 7, 2007 was extended at Plaintiff's request (by order on July 31, 2007) to September 7, 2007. Plaintiff waited until almost three weeks beyond the extended discovery end date to even file her Motion to Amend

her Complaint.  In all the prior time, Plaintiff never even mentioned a request to extend the time to amend her complaint.

2.      Plaintiff's request now flies in the face of the Court's Scheduling Order, and frustrates the expeditious handling of this case to which all parties, including Defendants, have a right.  Defendant has patiently awaited a ruling on the Motion for Summary Judgment since April, and Plaintiff now seeks to further delay, to the prejudice of Defendant which must continue to operate under the cloud of litigation.  If Plaintiff is allowed to amend her complaint, a trial of this matter would likely be substantially delayed.

3.      Plaintiff's Motion utterly fails to meet the "showing of good cause" required by this Court's September 18, 2006 Scheduling Order, and Local Rule 16.4.

4.      If Plaintiff's request is granted, substantial further delay and unfair prejudice would result because (a) Messrs. Rich, Lowry and Rich may need time to conduct their own discovery and hire their own counsel; and (b) Defendant will be required to duplicate discovery efforts relating to these new allegations, and would also be forced to incur additional fees and expenses of claims that could have been at least partially encompassed in Defendant's defense efforts thus far.

5.      Plaintiff has failed to produce a scintilla of evidence tending to establish that Bannum, Inc. is the "alter ego" of Messrs. Rich, Lowry and Rich.  Plaintiff has not remotely established that Bannum, Inc. has been used to perpetrate a fraud or wrong or to evade legal obligations.  Therefore, any amendment to Plaintiff's complaint that seeks to recover against these individuals on an "alter ego" theory of liability would be futile.

6.      Plaintiff's motion fails to conform to the requirements of LCvR 7 (i) because Plaintiff failed to attach an original of the proposed pleading as amended.

WHEREFORE, Defendant requests that the Motion be denied.

Respectfully submitted,

CARR MALONEY P.C.

By:
/s/ Cedric D. Miller_____
Kevin M. Murphy, D.C. Bar #388476
Cedric D. Miller, D.C. Bar #464651
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant Bannum, Inc.'s Opposition to Motion of the Plaintiff for Leave to Amend Her Complaint was filed and served electronically, on this 5th day of October, 2007, to:

Gregory L. Lattimer, Esquire
1100 H Street, N.W.
Suite 920
Washington, D.C.  20005

Donald M. Temple, Esquire
1229 15th Street, N.W.
Washington, D.C.  20005

/s/ Cedric D. Miller_____
Cedric D. Miller

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ESTER BEST MITCHELL,                                  :
Individually and as next best friend of              :
Cleveland McKinney, Jr.                              :
                                                      :
          Plaintiff,                                 :
                                                      :
     v.                                               :     Case No.:  1:06-CV-00491
                                                      :     Judge:  Rosemary M. Collyer
BANNUM, INC.,                                         :
                                                      :
          Defendant.                                 :

**DEFENDANT BANNUM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF OPPOSITION TO MOTION OF THE PLAINTIFF FOR LEAVE TO**
**AMEND HER COMPLAINT**

**I.     Background Information**

This cause of action arises out of the shooting death of Mr. Cleveland McKinney, Jr.

("Mr. McKinney, Jr."), which is alleged to have taken place on June 29, 2005, at Bannum Place

of Washington ("Bannum Place"), a half-way house operated by Bannum Place of Washington,

D.C., Inc., a District of Columbia Corporation.   Bannum Place was operating that facility

pursuant to a contract between Bannum, Inc. and the United States Department of Justice Federal

Bureau of Prisons ("BOP").[1]   *See* Complaint.   Plaintiff's Complaint alleges that while Mr.

McKinney, Jr. was a resident of Bannum Place, he was shot and killed by an unidentified

gunman.   Complaint at ¶ 28.   Plaintiff's Complaint alleges five counts against Bannum: (1) a

claim under the District of Columbia's Wrongful Death Act; (2) a claim under the District of

---

[1] As indicated in its dispositive motion, Bannum, Inc. was awarded a contract by BOP to operate the facility, which was used as a half-way house to transition federal offenders back into society.  By contract, the offenders were allowed to come and go to employment, recreation, community and other functions, and some were allowed to be home on weekends or even to live at home and check in at Bannum Place periodically.  As is pointed out in detail in this Motion, Bannum, Inc. assigned its contract to Bannum Place of Washington, D.C., Inc. (*see* Exhibit A, attached to Defendant's dispositive motion).  Thus, while the Complaint alleges that Bannum, Inc. operated the facility, Bannum Place of Washington, D.C., Inc. actually operated the facility under the assignment.  Bannum, Inc. asserts that Plaintiff has failed to sue the "proper party" and as a result, her claims against Bannum, Inc. necessarily fail.

Columbia Survival Act; (3) deprivation of civil rights; Eighth Amendment, 42 U.S.C. § 1983; (4) negligent supervision; and (5) negligent infliction of emotional distress.  *See generally* Complaint.

On September 18, 2006, the Court entered the Scheduling Order in this case.  *See generally* Scheduling Order dated September 18, 2006.  Pursuant to the Court's Scheduling Order, Motions to join third parties or to amend the pleadings were to be filed no later than November 20, 2006.  In addition, the Court's Scheduling Order required that discovery be completed no later than June 7, 2007; that dispositive motions be filed no later than July 9, 2007; that oppositions be filed no later than July 30, 2007; and, that replies be filed no later than August 10, 2007.  *Id.*  The Court also ordered that the Scheduling Order would not be modified, even where the parties consent, except upon a showing of good cause and by leave of the Court. *Id.*  In every respect, Defendant Bannum, Inc. has complied with the Court's Scheduling Order

On April 4, 2007, Bannum timely filed its Motion for Summary Judgment and/or Motion to Dismiss.  *See generally* Bannum, Inc.'s Motion for Summary Judgment and/or Motion to Dismiss.  Bannum also completed its discovery by the Court's originally imposed deadline of June 7, 2007.  Nonetheless, discovery was extended by the Court at the behest of Plaintiff's counsel, for three additional months to enable Plaintiff to take the depositions of Bannum's officers and directors and its former employees.  Plaintiff's request was granted despite Plaintiff's failure to request any such depositions until the week before discovery was originally set to close on June 7, 2007.  As a result, discovery ultimately closed nearly four weeks ago on September 7, 2007.

Additionally, during the parties' July 31, 2007 telephone status conference Plaintiff also requested an extension of time to respond to Defendant's dispositive motion, which Plaintiff was

originally required to respond to by July 30, 2007.  The Court granted Plaintiff's request extending the time for Plaintiff to respond to said Motion until October 9, 2007.  Consequently, Plaintiff's response to Defendant's dispositive motion is due a mere 15 days after the filing of Plaintiff's latest motion seeking to amend her complaint.

Nevertheless, Plaintiff has now filed a Motion for Leave to Amend Her Complaint to name Messrs. John Rich, Arnold Rich and David Lowry, Bannum's present and/or former officers, directors and shareholders, as individual defendants.  In her latest motion, Plaintiff contends that she learned during the depositions of these individuals that they are the "alter egos" of Bannum, Inc., and that if a judgment is obtained against the corporation, she wants to ensure that said judgment can be satisfied.  *See* Plaintiff's Motion for Leave to Amend Complaint.

Plaintiff's motion should be denied because it is untimely and the granting of same would severely prejudice Defendant.  In addition, Plaintiff has failed to offer any evidence, in fact, record or law, tending to support her assertion that Messrs. Rich, Lowry, and Rich are the alter egos of Bannum, Inc.  Bannum contends that no such evidence exists.  As a result, any amended complaint that seeks to place liability on Messrs. Rich, Lowry and Rich, because they are the alter egos of Bannum, Inc., would be futile.  Finally, Plaintiff's motion should be denied because it fails to comply with the requirements of LCvR 7(i) of the United States District Court for the District of Columbia.

## II.    **Argument**

A. <u>Plaintiff's Motion Should be Denied Because it is Untimely and Allowing Plaintiff to Amend at this Late Date would Severely Prejudice Defendant</u>

In pertinent part, rule 15(a) of the Federal Rules of Civil Procedure provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial

calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

See Fed. R. Civ. P. 15(a). The trial court, however, has discretion to deny leave to amend where there is evidence of undue delay, bad faith, or undue prejudice to the opposing party. *See, e.g., Jackson v. District of Columbia*, 254 F.3d 262 (D.C. Cir. 2001); *Boyd v. Grassmick*, 216 F.R.D. 166 (D.D.C. 2003); *Pharmaceutical Research and Manufacturers of America v. Thompson*, 259 F. Supp.2d 39 (D.D.C. 2003).

Defendant maintains that Plaintiff's undue delay and corresponding unfair prejudice to Defendant justify the denial of Plaintiff's motion. All parties, including Defendants, have a right to a reasonably expeditious resolution of litigation. Defendant Bannum should not be forced to operate so much longer under the cloud of litigation simply because Plaintiff has delayed so long. As previously stated, discovery in this case was originally scheduled to close on June 7, 2007. However, at Plaintiff's request, discovery was extended an additional three months to enable Plaintiff to take depositions of Bannum's present and former officers, directors and/or shareholders. Bannum asserts that Plaintiff could have taken these depositions several months earlier and failed to do so. Furthermore, Plaintiff, for the first time, subpoenaed the depositions of several former employees of Bannum Place in late August. Defendant bears no responsibility for producing this latter category of witnesses, and therefore, was not to blame for Plaintiff's failure to take said depositions earlier to comply with the Court's Scheduling Order. Plaintiff has also requested that she not be required to respond to Defendant's dispositive motion until October 9, 2007. This request was also granted. In essence, Plaintiff has already been granted almost six months time to respond to Defendant's dispositive motion, which was timely filed.

In terms of undue delay and prejudice, for starters, Messrs. Rich, Lowry and Rich would need time to conduct their own individual discovery into Plaintiff's allegations. In addition, Plaintiff seeks to sue these persons in their individual capacity; therefore, it is reasonable that they may also want to hire their own individual counsel to defend against Plaintiff's claims. Adding new parties now means Bannum will be forced to incur additional and unnecessary fees and expenses that could have been at least partially encompassed in discovery already completed.

Furthermore, because Messrs. Arnold Rich and John Rich are the sole shareholders of Bannum, and two of its principal officers, Bannum would be severely prejudiced if these two individuals would have to divert their attention away from operating Bannum's business interest to focus on defending against dilatory claims lodged by Plaintiff. Also, the trial of this matter would be substantially delayed if the amendment is permitted. Such a delay would severely prejudice Bannum.

B. Plaintiff's Motion for Leave to Amend Her Complaint Should be Denied Because Any Attempt to Allege Alter Ego Theories of Liability Would be Futile

Courts in this jurisdiction have held that a trial court does not abuse its discretion in denying leave to amend where an amendment would have been futile. *See, e.g.*, *West v. Potter*, 2005 WL 3805375 (D.C. Cir. 2005) (citing Fed. R. Civ. P. 15(a) and *Foman v. Davis*, 371 U.S. 178 (1962); *National Wrestling Coaches Ass'n v. Dept. of Educ.*, 366 F.3d 930 (D.C. Cir. 2004); *Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080 (D.C. Cir. 1998). Plaintiff's allegation that Messrs. Rich, Lowry and Rich are "alter egos" of Bannum, Inc. is unsupported by the facts, the record and the law, as is illustrated in Plaintiff's failure to cite any support for her current motion. Any amended complaint alleging an alter ego theory of liability against these individuals would fail to survive under applicable standards for granting summary

judgment and/or a motion to dismiss.  As a result, any amendment by Plaintiff to allege alter ego liability would be futile.  This Court, therefore, would be justified in denying Plaintiff's current motion.

Plaintiff seeks to pierce the corporate veil of Bannum, Inc. to hold its former and present officers, directors and/or shareholders liable for the death of Mr. McKinney, Jr.  However, the general rule is that a corporation is regarded as an entity separate and distinct from its shareholders.  *See, e.g.*, *Dole Food Co. v. Patrickson*, 538 U.S. 468 (U.S. 2003); *see also Cedric Kushner Promotions, Ltd. v.* King, 533 U.S. 158 (U.S. 2001).  District of Columbia case law is well-settled that "the acts and obligations of a corporate entity will not be recognized as those of a particular person until the party seeking to disregard the corporate entity has proved by affirmative evidence that there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetrate fraud or wrong or to evade legal obligations.  *Carpenters and Millwrights, Local Union 2471 v. N.L.R.B.*, 481 F.3d 804 (D.C. Cir. 2007); *Labadie  Coal Co. v. Black*, 672 F.2d 92 (D.C. Cir. 1982); *Vuitch v. Furr*, 482 A.2d 811 (D.C. 1984) (citing *McAuliffe v. C. & K. Builders,* 142 A.2d 605, 607 (D.C.1958) and *Simon v. Circle Associates, Inc.*, 753 A.2d 1006 (D.C. 2000)).

> If any general rule can be laid down, in the present state of authority, it is that a corporation will be looked upon as a legal entity as a general rule, and until sufficient reason to the contrary appears; but, when the notion of legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime, the law will regard the corporation as an association of persons.

*Vuitch v. Furr*, 482 A.2d 811 (D.C. 1984) (citing *Burrows Motor Co. v. Davis,* 76 A.2d 163, 165 (D.C.1950) (citing *Callas v. Independent Taxi Owners Ass'n.,* 66 F.2d 192, 193 (D.C. Cir. 1933) (quoting *United States v. Milwaukee Refrigerator Transit Co.,* 142 F. 247, 255 (E.D.Wis.1905)).

"Many factors are considered, including whether corporate formalities have been disregarded,

and whether there has occurred an intermingling of corporate and personal funds, staff, and property." *Id*; citing *Valley Finance, Inc. v. United States,* 629 F.2d 162, 172 (D.C. Cir. 1980) ("The test is a practical one, based largely on a reading of the particular factual circumstances"), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981).

Individuals or other entities may only be held liable for the activities of a corporation when it is demonstrated that the corporation is not only controlled by those persons who are alleged alter egos of the corporation, but also that the separateness of the persons and the corporation has ceased and an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice. *Shapiro, Lifschitz & Schram, P.C. v. Hazard,* 24 F.Supp.2d 66 (D.D.C. 1998). District of Columbia case law is well-settled that a corporation organized for the purpose of avoiding personal liability is valid and is not, itself, standing alone, an abuse of corporate power. *See, e.g., Pardo v. Wilson Line of Washington, D.C.,* 414 F.2d 1145 (D.C. Cir. 1969) and *Harris v. Wagshal*, 343 A.2d 283 (D.C. 1975).

In this case, Plaintiff has failed to produce even a scintilla of evidence tending to establish that Bannum, Inc. is the alter ego of Messrs. Rich, Lowry and Rich. As previously stated, Plaintiff's position is unsupported by the facts, the record and the law. The only support Plaintiff provides to bolster her claim that these individuals are the alter ego of Bannum is her own self-serving assertion of same. Plaintiff relies upon the purported deposition testimony of these individuals yet fails to cite to any deposition testimony tending to establish her claim that they are the alter ego of Bannum, Inc.

In fact, during the deposition of Arnold Rich, Mr. Rich testified that Bannum was organized in 1984 to contract for programs for the Federal Bureau of Prisons. *See* A. Rich Dep. Tr. at 10. Mr. Rich also testified that Bannum, Inc. has had several other owners in the past, and

is currently owned exclusively by Arnold Rich and John Rich, 55% and 45%, respectively, *Id.* at 60.  Mr. Rich also testified that the corporation has 2 or 3 officers besides Messrs. Arnold and John Rich.  *Id.* at 61.  Mr. Rich's uncontradicted testimony unequivocally demonstrates that Bannum, Inc. is not a "sham corporation."

Interestingly, Plaintiff's counsel <u>failed to ask</u> any questions of Messrs. Rich, Lowry and Rich, or produce documents at either of these individuals' depositions that would substantiate his claim that throughout its 23 years of existence, Bannum, Inc. was being used to perpetrate a fraud or other wrong.  To Plaintiff's detriment, Plaintiff's counsel <u>did not inquire</u> of either of these individuals information regarding Bannum's corporate filings, its meetings, its tax returns, etc.  As a result, Plaintiff is <u>completely unable to establish</u> that these individuals are alter egos of the corporation.  Furthermore, there is <u>nothing in evidence</u> to suggest that the Federal Bureau of Prisons ever expressed a concern about these individuals using a corporate form to transact business with that agency.  Without more, Plaintiff's potential allegation that Bannum, Inc. is an alter ego of these individuals is pure speculation without a shred of evidentiary support.  Thus, for Plaintiff to make such allegations would be in clear violation of Fed.R.Civ.P. 11(b).

Defendant has already provided the Certificate of Authority for Bannum, Inc. and the Certificate of Incorporation for Bannum Place of Washington, D.C. to establish that Bannum, Inc. and Bannum Place of Washington, D.C. are two separate and distinct entities and lawfully organized under the laws of their respective states.  *See* Exhibits J and K, respectively, attached to Defendant Bannum, Inc.'s Motion for Summary Judgment and/or Motion to Dismiss.  Plaintiff's Motion is baseless.

C.  Plaintiff's Motion for Leave to Amend Her Complaint Should be Denied Because it Fails to Confirm to LCvR 7.

Plaintiff's Motion should be denied because it fails to conform to the requirements of LCvR 7(i) which requires that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." *See* LCvR 7(i).  Plaintiff has not fulfilled this requirement.

II.  **Conclusion**

Based on the foregoing, Defendant's respectfully request that the Court deny Plaintiff's Motion for Leave to Amend Her Complaint.

Respectfully submitted,

CARR MALONEY P.C.

By:
/s/ Cedric D. Miller
Kevin M. Murphy, D.C. Bar #388476
Cedric D. Miller, D.C. Bar #464651
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTER BEST MITCHELL, | : |
| Individually and as next best friend of | : |
| Cleveland McKinney, Jr. | : |
| | : |
|        Plaintiff, | : |
| | : |
|        v. | :   Case No.:  1:06-CV-00491 |
| | :   Judge:  Rosemary M. Collyer |
| BANNUM, INC., | : |
| | : |
|        Defendant. | : |

**<u>ORDER</u>**

UPON CONSIDERATION of Plaintiff's Motion for Leave to Amend her Complaint, and

any opposition thereto, it is this _____ day of _____, 2007,

ORDERED, that Plaintiff's Motion for Leave to Amend Her Complaint is DENIED.

_____

The Honorable Rosemary M. Collyer

Copies to:

Kevin M. Murphy, Esquire
Cedric D. Miller, Esquire
Carr Maloney P.C.
1516 L Street, N.W.
Suite 500
Washington, D.C.  20036

Gregory L. Lattimer, Esquire
1100 H Street, N.W.
Suite 920
Washington, D.C.  20005

Donald M. Temple, Esquire
1229 15th Street, N.W.
Washington, D.C.  20005