UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ESTER BEST MITCHELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-491 (RMC) |
| BANNUM, INC., | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

Cleveland McKinney, Jr., was shot and killed on June 29, 2005, at Bannum Place of Washington, Inc., a Community Corrections Center. His mother, Ester Best Mitchell, filed this suit against Bannum, Inc., alleging claims under: the Wrongful Death Act, D.C. Code § 16-2701; the Survival Act, D.C. Code § 12-101; the Eighth Amendment pursuant to 42 U.S.C. § 1983; negligent supervision; and negligent infliction of emotional distress.

Under the terms of the September 18, 2006 Scheduling Order, Ms. Mitchell was required to name her expert no later than March 30, 2007. This deadline was never extended, and discovery closed on September 7, 2007. Nevertheless, on September 24, 2007, Ms. Mitchell filed a motion to name an expert, asserting that she was not able to depose the officers, directors, and employees of Bannum until September of 2007 and she had just determined the need for an expert. The failure to disclose an expert in a timely manner can result in the exclusion of the witness and his testimony. A party that "without substantial justification fails to disclose information required by . . . Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1);

LCvR 26.2(a). A plaintiff's late disclosure of expert testimony can necessitate exclusion because the late disclosure deprives the defendant of the opportunity to depose the expert, to challenge the expert's credentials and testimony, and to solicit the defendant's own experts. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757-59 (7th Cir. 2004) (excluding expert testimony first disclosed at summary judgment); *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (same). Ms. Mitchell does not provide substantial justification for late disclosure of an expert, and such late disclosure would prejudice Bannum. Therefore, Ms. Mitchell's motion to name her expert will be denied.

Also on September 24, 2007, Ms. Mitchell filed a motion for leave to amend her complaint to name additional defendants — John Rich, Arnold Rich, and David Lowery, the officers and directors of Bannum. She asserts that Bannum is the alter ego of these three individuals.

Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court may deny a motion to amend if it finds "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Bannum objects, asserting that there is no evidence to support an alter ego theory and because amendment would cause substantial delay and prejudice. The Court agrees. Accordingly, the motion for leave to amend will be denied.

Further, on April 4, 2007, Bannum filed a motion to dismiss or for summary judgment. Ms. Mitchell's response was originally due July 30, 2007, but was extended twice — to September 24, 2007, and finally to October 9, 2007. Despite these extensions, Ms. Mitchell has failed to file a response, and she has failed to request a further extension. Thus, the Court treats Bannum's motion to dismiss or for summary judgment as conceded. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Accordingly, the Complaint will be dismissed. A memorializing order accompanies this Memorandum Opinion.

Date: October 19, 2007                                /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge